UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHAN ANDREW GROVES ) | |
| and JOEL FLAKE STROUD, ) | Civil Action No.: 4:08-cv-0402-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CITY OF DARLINGTON, SC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  Presently before the Court is Defendant's Motion to Dismiss and/or Strike Plaintiffs' Complaint (Document # 10), which was filed February 25, 2008. Plaintiffs filed a Response (Document # 15) to the Motion on March 6, 2008. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motion is dispositive, this Report and Recommendation is entered for review by the district judge.

  In their Complaint, Plaintiffs allege that their civil rights were violated when they were arrested on separate occasions. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. Plaintiffs' Complaint contains twenty-three single-spaced pages with three hundred and eighty-four paragraphs. Defendant seeks dismissal or the striking of Plaintiffs' Complaint pursuant to Rule 8(a), Fed.R.Civ.P. Rule 8(a) provides,

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Defendant argues that Plaintiffs' Complaint fails to conform with either the form or the spirit of Rule 8 as it fails to set forth a short and plain statement of the Plaintiffs' claims and includes numerous allegations which are "clearly extraneous" to the issues presented and are "unduly voluminous." While some state jurisdictions require "fact" pleading, the Federal Rules of Civil Procedure encompass "notice" pleading. The Complaint's prolixity is violative of Rule 8(a). See United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374 (7th Cir. 2003), Michaelis v. Nebraska State Bar Association, 717 F.2d 437 (8th Cir. 1983). Rule 8(a) simply requires a short and plain statement asserting the grounds for jurisdiction, a statement of the claim that would entitle Plaintiffs to relief, and a demand for relief.

While it is abundantly clear that Plaintiffs' Complaint is not a "short and plain statement" of Plaintiffs' claims, dismissal of this action is not appropriate. However, it would be an extremely burdensome task for Defendant to attempt to answer Plaintiffs' Complaint in its present form and, thus, Plaintiffs' Complaint should be stricken with leave to file an Amended Complaint within twenty days. See, e.g., Silver v. Queen's Hospital, 53 F.R.D. 223 (D.HI. 1971), Mottaghi-Iravani v. International Commodities Corp., 20 F.R.D. 37 (S.D.N.Y. 1956). Therefore, it is recommended that Defendant's Motion to Dismiss and/or Strike (Document # 10) be denied in part and granted in part, that Plaintiffs' Complaint be stricken in its entirety, and that Plaintiff be allowed twenty days to file an Amended Complaint that complies with Rule 8(a).

                                             s/Thomas E. Rogers, III  
                                             Thomas E. Rogers, III  
                                             United States Magistrate Judge

September 4, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**