# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Nathan Andrew Groves and<br>Joel Flake Stroud,<br><br>          Plaintiffs,<br><br>vs.<br><br>City of Darlington, SC,<br><br>          Defendant. | Civil Action No.:4:08-cv-0402-TLW-TER<br><br><br><br>**ORDER** |
| State of South Carolina,<br><br>vs.<br><br>Nathan Andrew Groves and<br>Joel Flake Stroud,<br><br>          Defendants. | Misc. No.:4:08-mc-0005-TLW-TER |

      Nathan Andrew Groves and Joel Flake Stroud filed a complaint on February 5, 2008, which is styled <u>Nathan Andrew Groves and Joel Stroud v. City of Darlington, SC</u>, 4:08-cv-0402-TLW-TER (the civil rights case), against the City of Darlington, South Carolina, alleging civil rights violations pursuant to 42 U.S.C. § 1983.  The complaint also refers to state criminal charges pending against Groves and Stroud and indicates that the removal of those charges to this Court is appropriate.  Attached to the complaint is a notice of removal of the related state criminal charges.  A separate, miscellaneous case, <u>State of South Carolina v. Nathan Andrew Groves and Joel Flake Stroud</u>, 4:08-mc-0005-TLW-TER, was opened to accommodate the state criminal charges (the miscellaneous case).

City of Darlington filed motions to remand in both cases. (Civil rights case, Doc. #11; Miscellaneous case, Doc. #3). On June 12, 2008, Magistrate Judge, Thomas E. Rogers, III, to whom this case had been assigned, issued an Order, which was filed in the civil rights case, granting the City of Darlington's motion to remand both cases to the Municipal Court in Darlington, South Carolina. However, it appears that the magistrate judge intended to remand the criminal state charges and not the civil rights claims. (Civil rights case, Doc.#19). On June 15, 2008, Groves and Stroud filed a "Motion to Reconsider Court Order to Remand" in the civil rights case. (Civil rights case, Doc. #23). The magistrate judge granted in part and denied in part the motion to reconsider. (Civil rights case, Doc. #26; Miscellaneous case, Doc. #13). In the Order, Judge Rogers made clear that the civil rights case should not have been remanded; instead, only the state criminal charges in the miscellaneous case should have been remanded. The plaintiffs have appealed the decision as relates to the miscellaneous case pursuant to Rule 72 of the Federal Rules of Civil Procedure. (Miscellaneous case, Doc. #15). The basis for the remand is that the Court lacks subject matter jurisdiction. Plaintiffs object arguing that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. (Miscellaneous case, Doc. #15).

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court may

designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to dismiss or quash an indictment or information made by the defendant or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

Additionally, Rule 72(a) of the Federal Rules of Civil Procedure states that:

2

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The magistrate judge in this case has issued an Order of Remand, and the plaintiffs have availed themselves of the opportunity for District Court review as provided for in the above cited legal authority. Accordingly, the Court must now address the objections that the Order remanding this matter back to state court is clearly erroneous and contrary to law, the appropriate standard of review as provided in Fed.R.Civ.P. 72(a). See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). After a review of the pleadings, this Court is sufficiently persuaded that there is no basis for federal subject matter jurisdiction in this matter. Accordingly, the Court does not find any portion of the Remand Order to be clearly erroneous or contrary to law.[1] Therefore, this Court affirms the magistrate judge's Order remanding the miscellaneous matter to the municipal court in Darlington, South Carolina. (Civil rights case, Doc. #26; Miscellaneous case, Doc. #13).[2]

However, this Court does retain jurisdiction over the § 1983 claims and so the civil rights case remains pending. Thus, this Court must also consider the Motion to Dismiss filed by the defendant in the civil rights case. (Civil rights case, Doc. #10). The magistrate judge prepared a Report and Recommendation in the civil rights action, recommending that the District Court grant

---

[1] The plaintiffs continue to seek this Courts exercise of supplemental jurisdiction over the state criminal charges. The Court has considered the issue and will not extend supplemental jurisdiction to those claims.

[2] The Court notes that the defendant filed a reply to the appeal of the magistrate judge's decision regarding the remand. (Miscellaneous case, Doc. #16).

3

in part and deny in part the motion to dismiss filed by the defendant. (Civil rights case, Doc. #28). The plaintiffs filed objections to the Report. (Civil rights case, Doc.s #29 and #30). Additionally, the defendant filed a Reply to plaintiffs' objections to the Report. (Civil rights case, Doc. #35). This matter comes before the Court by way of review of the magistrate judge's Report and Recommendation. (Civil rights case, Doc. #28). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed the Report and the objections. After careful review of the Report and the objections thereto, the Court **ACCEPTS** the Report. (Civil rights case, Doc. #28). Therefore, the plaintiffs' complaint shall be stricken in its entirety, and the plaintiffs shall have twenty (20) days to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                           S/Terry L. Wooten

                                                           Terry L. Wooten
                                          United States District Judge

Florence, South Carolina

September 24, 2008