UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHAN ANDREW GROVES and JOEL FLAKE STROUD, <br><br> Plaintiffs, <br><br> -vs- <br><br> CITY OF DARLINGTON, SC, <br><br> Defendant. | Civil Action No.: 4:08-cv-0402-TLW-TER <br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging Defendant violated their civil rights. Presently before the Court is Defendant's Motion to Dismiss (Document # 41) pursuant to Rule 41(b), Fed.R.Civ.P. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

On September 4, 2008, the undersigned entered a Report and Recommendation (Document # 28) recommending that Plaintiffs' Complaint be stricken in its entirety and that Plaintiffs be required to file an Amended Complaint in accordance with Rule 8(a), Fed.R.Civ.P., within 20 days. In the Report and Recommendation, the undersigned found that the Complaint's prolixity was violative of Rule 8(a) and that it would be an extremely burdensome task for Defendant to attempt to answer Plaintiffs' Complaint in its present form. The district judge adopted the recommendation in an Order (Document # 36) dated September 24, 2008, and gave Plaintiff 20 days from the date of the Order to file an Amended Complaint.

Instead of filing an Amended Complaint, on September 26, 2008, Plaintiff filed a Motion to Set Aside (Document # 37) the Order striking the Complaint. On November 4, 2008, Defendant filed the present Motion to Dismiss pursuant to Rule 41(b), Fed.R.Civ.P., arguing that Plaintiffs' case should be dismissed for Plaintiffs' failure to comply with this Court's Order to file an Amended Complaint within 20 days. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). However, dismissal is a harsh sanction which should not be invoked lightly. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). Dismissal of this action is not appropriate based upon the procedural history of this case at the time Defendant's Motion was filed. Rather than deliberately disobeying an Order of the Court by not filing an Amended Complaint, Plaintiffs, pursuant to the Federal Rules of Civil Procedure, sought relief from the Order directing it to file an Amended Complaint. Accordingly, it is recommended that Defendant's Motion to Dismiss (Document # 41) be denied.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 19, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**