UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHAN ANDREW GROVES and JOEL FLAKE STROUD, | Civil Action No.: 4:08-cv-0402-TLW-TER |
| Plaintiffs, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| CITY OF DARLINGTON, SC, | |
| Defendant. | |

## I. INTRODUCTION

Presently before the Court are Plaintiffs' Motion for Declaratory Judgment (Document # 97) and Defendant's Motion for Judgment on the Pleadings (Document # 101). This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II. PROCEDURAL HISTORY

This case has a long and convoluted procedural history. Plaintiffs filed a Complaint on February 5, 2008, which was styled Nathan Andrew Groves and Joel Flake Stroud v. City of Darlington, SC, 4:08-cv-0402-TLW-TER (the civil rights case), against the City of Darlington, South Carolina, alleging civil rights violations pursuant to 42 U.S.C. § 1983. The Complaint also referred to related state criminal charges pending against Plaintiffs and indicated that the removal of those charges to this court was appropriate. Attached to the Complaint was a Notice of Removal of the related state criminal charges. A separate, miscellaneous case, State of South Carolina v. Nathan Andrew Groves and Joel Flake Stroud, 4:08-mc-0005-TLW-TER, was opened to accommodate the state criminal charges (the miscellaneous case). Defendant filed Motions to Remand in both cases.

On June 12, 2008, the undersigned issued an Order in the civil rights case granting Defendant's Motion to Remand (the Remand Order) and remanding Plaintiffs' criminal charges to the municipal court, Darlington, South Carolina.

On June 15, 2008, Plaintiffs filed a Motion to Reconsider Court Order of Remand (Document # 23) in the civil rights case. On August 27, 2008, the undersigned entered an Order granting in part and denying in part Plaintiffs' Motion to Reconsider. The Order made clear that Plaintiffs' § 1983 claims were to remain in this court but the criminal charges were to be remanded to the municipal court.

Defendant also filed a Motion to Dismiss and/or Strike Plaintiffs' original Complaint. On September 4, 2008, the undersigned entered a Report and Recommendation (Document # 28) recommending that Plaintiffs' Complaint be stricken in its entirety and that Plaintiffs be required to file an Amended Complaint in accordance with Rule 8(a), Fed.R.Civ.P., within 20 days. The district judge adopted the recommendation in an Order (Document # 36) dated September 24, 2008, and gave Plaintiffs 20 days from the date of the Order to file an Amended Complaint.

On September 26, 2008, Plaintiffs filed a Motion to Set Aside (Document # 37) the reconsideration Order regarding remand and the Order striking the Complaint. On January 29, 2009, the district judge entered an Order (Document # 48) denying Plaintiffs' Motion to Set Aside and directing Plaintiffs to file an Amended Complaint within 20 days of the date of the Order.

On February 9, 2009, Plaintiffs filed a Notice of Appeal (Document # 52) of the court's Order denying the Motion to Set Aside. On October 14, 2009, The Fourth Circuit entered an opinion affirming in part and dismissing in part Plaintiff's appeal. Specifically, the Fourth Circuit dismissed as interlocutory the appeal with respect to this court's order dismissing the complaint with leave to

amend. The Fourth Circuit further found that this court's order of remand was not reviewable pursuant to 28 U.S.C. § 1447(d). The Fourth Circuit affirmed this court's order denying reconsideration. On October 21, 2009, the Mandate was stayed pursuant to Rule 41(d)(1), FRAP. On November 10, 2009, the Fourth Circuit denied Plaintiff's Petition for rehearing and rehearing en banc. The Mandate was issued on November 18, 2009.

Plaintiffs filed their Amended Complaint on January 11, 2010 (Document # 72). On January 22, 2010, Defendant filed a Motion to Dismiss and/or Strike (Document # 74) Plaintiffs' Amended Complaint. Plaintiffs timely filed a Response (Document # 78). The undersigned denied the Motion and directed Defendant to file an Answer. Defendant filed its Answer on March 17, 2010.

### III. MOTION FOR DECLARATORY JUDGMENT

In their Motion for Declaratory Judgment, Plaintiffs seek "a Declaration regarding the validity of Defendant's twenty-five enumerated affirmative defenses." Motion at 1. Plaintiffs bring this Motion pursuant to 28 U.S.C. § 2201[1] and Rule 57, Fed.R.Civ.P. Defendant argues that Plaintiffs' attempt to address its affirmative defenses by way of a Motion for Declaratory Judgment is inappropriate because a separate action should be filed if a party seeks a declaratory judgment. Plaintiffs agree that other circuits hold that a declaratory judgment must be sought by way of complaint. However, Plaintiffs note that "Motion for Declaratory Judgment" is included in the list of motions set forth on this court's Electronic Case Filing (ECF) system and that this district has not ruled in a published opinion that a plaintiff must file a complaint to seek a declaratory judgment. At least one judge in this district has addressed this issue. In <u>Treece v. South Carolina Dep't of</u>

---

[1] In their Motion, Plaintiffs assert that they bring the action pursuant to § 2202 but clarify in their Reply that § 2201 is the appropriate section.

Mental Health, No. 3:08-3909-DCN-JRM, 2010 WL 1254927, *2 (D.S.C. Mar. 24, 2010), Chief Judge David C. Norton provides,

> "[A] party may not make a motion for declaratory relief, but rather, the party must bring an action for a declaratory judgment." Kam-Ko Bio-Pharm Trading Co., Ltd.Australia v. Mayne Pharma (USA), Inc., 560 F.3d 935, 943 (9th Cir.2009) (quoting International Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y.1995)). As the magistrate judge noted, "the Federal Rules of Civil Procedure 'govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.' " Report at 8 (quoting Fed.R.Civ.P. 57). As a result, "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions," including the requirement that "the action is commenced by filing a complaint." Report at 8 (citing 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (3d ed.1998)). Therefore, plaintiff's motion for declaratory judgment is denied.

The undersigned agrees that a Motion for Declaratory Judgment is not the proper vehicle to obtain the relief sought by Plaintiffs.

Plaintiffs next assert in their Reply that "Plaintiffs would have no objections should the Court wish to construe Plaintiffs' Motion as a Motion for Summary Judgment on an Action for Declaratory Judgment." Reply at 6. First, it is noted that Plaintiffs have not sought declaratory relief in their Amended Complaint and, thus, this court could not grant summary judgment on an issue that has not be raised in the pleadings. Further, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The non-moving party's duty to respond specifically to a summary judgment motion is expressly qualified by Rule 56(f)'s requirement that summary judgment be refused where the non-moving party has not had the opportunity to 'discover

information that is essential to his opposition.'" Strag v. Board of Trustees, 55 F.3d 943, 953 (4th Cir.1995) (quoting Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir.1995)). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

In its Sur-Reply, Defendant notes that, under the Scheduling Order, Rule 26(a)(1), Fed.R.Civ.P., disclosures were not due until May 13, 2010, and the parties have until September 10, 2010, to complete discovery. Counsel for Defendant avers that "Defendant cannot yet present facts sufficient to oppose that motion since no discovery has yet occurred. In particular, the Defendant anticipates deposing each of the Plaintiffs, all identified witnesses, submitting interrogatories and requests for production of documents, preparing requests to admit and requisite affidavits." Kozacki Aff. ¶ 5.

Therefore, it s recommended that Plaintiffs' Motion be denied because the Complaint does not address the relief they seek in their Motion. Furthermore, based upon Mr. Kozacki's affidavit and the procedural posture of this case at the present time, it is recommended that, to the extent Plaintiffs' Motion can be construed as a Motion for Summary Judgment, it be denied without prejudice and with leave to refile as the Motion is premature.

**IV.  MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant moves for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., relative to Plaintiffs' amended claims asserting this court has supplemental/ancillary jurisdiction over the pending state court criminal trials. As set forth in the procedural history, the undersigned entered

an Order early in the case remanding Plaintiffs' state criminal charges to state court. Nevertheless, in their Amended Complaint, Plaintiffs again assert that this court has jurisdiction over Mr. Stroud's pending state criminal charge for public disorderly conduct and Mr. Groves' pending state criminal charge for driving under the influence. Plaintiffs assert that removal of these charges to this Court is appropriate.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts as pleaded in the complaint, the issue can be decided as a matter of law. Tollison v. B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998). In addition to noting that the issue has already be addressed in this case, Defendants argue the merits of Plaintiffs' attempted removal of their state criminal charges. However, addressing the merits is unnecessary because that issue has already been ruled upon in this case, thus making it the law of the case.

Pursuant to the law of the case doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). This doctrine promotes judicial economy and finality by providing " 'that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " United States v. Aramony, 166 F.3d 655, 661 (4th Cir.1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).[2] Remand of Plaintiffs' state criminal charges was ordered by this court, upheld on motion

---

[2] Plaintiff argues that this court cannot consider previous court rulings from this court or the Fourth Circuit because they are outside the pleadings. This argument is patently without merit.

for reconsideration, upheld on appeal to the district judge and held to be unreviewable by the Fourth Circuit.

Although a Motion for Judgment on the Pleadings under Rule 12(c) seems like an awkward procedural vehicle for the relief sought by Defendant, Plaintiffs' raise this removal issue in their Amended Complaint as a part of their prayer for relief. For the reasons previously stated by this Court, Plaintiffs are not entitled to such relief. Simply put, Plaintiffs' state criminal charges have been remanded and this court will not and cannot exercise jurisdiction over those charges.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiffs' Motion for Declaratory Judgment (Document # 97) be denied and Defendants' Motion for Judgment on the Pleadings (Document # 101) be granted.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 1, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**