IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nathan Andrew Groves and Joel Flake Stroud, ) ) ) Plaintiffs, ) ) vs. ) ) City of Darlington, SC, ) ) Defendant. ) ) | Civil Action No.: 4:08-cv-0402-TLW-TER |

## ORDER

On February 5, 2008, the plaintiffs, Nathan Andrew Groves and Joel Flake Stroud ("plaintiffs"), filed this civil action against the defendant, City of Darlington, SC ("defendant"). (Doc. # 1). The complaint alleged civil rights violations pursuant to 42 U.S.C. § 1983 and sought removal of related state criminal charges pending against the plaintiffs. (Doc. # 1). On September 24, 2008, this Court affirmed an order signed by the Magistrate Judge that remanded the criminal charges to state court. (Doc. # 36). This Court also accepted a Report and Recommendation prepared by the Magistrate Judge that recommended the plaintiffs' complaint be stricken with leave to amend. (Doc. # 36). The plaintiffs filed a motion to set aside this Order, (Doc. # 37), which this Court denied. (Doc. # 48). The plaintiffs then appealed to the Fourth Circuit Court of Appeals, which dismissed as interlocutory the plaintiffs' appeal of the order striking their complaint with leave to amend and held as not reviewable the plaintiffs' appeal of the order remanding the state criminal charges. (Groves v. City of Darlington, S.C., No. 09-1191, 346 Fed. Appx. 965 (4th Cir. Oct. 14, 2009) (Doc. # 66)).

The plaintiffs filed an amended complaint on January 11, 2010, which again seeks removal of the state criminal charges pending against them. (Doc. # 72). Subsequently, the plaintiffs filed a motion for declaratory judgment (Doc. #97), and the defendant filed a motion for partial judgment on the pleadings (Doc. # 101). These matters were referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Magistrate Judge filed a Report and Recommendation for review by the District Court.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case had previously been assigned. (Doc. # 108). In the Report, the Magistrate Judge recommends that the District Court deny the plaintiffs' motion for declaratory judgment and grant the defendant's motion for partial judgment on the pleadings. (Doc. # 108). The plaintiffs filed objections to the report. (Doc. # 111). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the

2

Report. (Doc. # 108).[1] Therefore, for the reasons articulated by the Magistrate Judge, the plaintiffs' motion for declaratory judgment is **DENIED** and the defendant's motion for partial judgment on the pleadings is **GRANTED**.

**IT IS SO ORDERED**.

                                                             s/Terry L. Wooten
                                                            United States District Judge

December 17, 2010
Florence, South Carolina

---

[1] In their objections to the Report, the plaintiffs argue that a magistrate judge does not have the authority to issue a remand order. While courts are not unanimous over the question, numerous district courts have held that a magistrate judge has the authority to issue a remand order. See, e.g., Wachovia Bank, Nat'l.Ass'n v. Deutsche Bank Trust Co. Am., 397 F. Supp. 2d 698, 702 (W.D.N.C. 2005); Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239, 244 (E.D.N.Y. 2005); Johnson v. Wyeth, 313 F. Supp. 2d 1272, 1272-73 (N.D. Ala. 2004); Payphone, LLC v. Brooks Fiber Commc'n of R.I., 126 F. Supp. 2d 175, 178 (D.R.I. 2001). Therefore, this objection is denied. As for the plaintiffs' objection to the Magistrate Judge's application of the law of the case doctrine, this Court reviewed the Magistrate Judge's prior Order remanding the state criminal charges to state court, (Doc. # 26), and concluded there was no basis for federal subject matter jurisdiction over the criminal charges. (Doc. # 36). The plaintiffs then filed a motion for relief under Federal Rule of Civil Procedure 60, (Doc. # 37), which this Court also denied. (Doc. # 48). Having reviewed the issue in a prior order and seeing nothing in the amended complaint that alters the decision reached in that prior order, this Court agrees with the Magistrate Judge's application of the law of the case doctrine to deny the plaintiffs' attempt to again remove the state criminal charges pending against them. Furthermore, having now reviewed, de novo, the Report and objections thereto currently before the Court, this Court sees no factual or legal basis for federal subject matter jurisdiction over the state criminal charges.