UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHAN ANDREW GROVES and JOEL FLAKE STROUD,  )<br>)<br>Plaintiffs,  )<br>)<br>-vs-  )<br>)<br>)<br>)<br>CITY OF DARLINGTON,  )<br>)<br>Defendant.  )<br>_____ ) | Civil Action No.: 4:08-cv-0402-TLW-TER<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

Presently before the Court is Defendant's Motion for Attorney's Fees and Related, Nontaxable Expenses (Document # 224). Plaintiffs filed a Notice (Document # 225) indicating they would not file a Response to the Motion but would appeal any Order granting the Motion. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II.    RELEVANT FACTS

This action arises out of the arrests of Plaintiffs by police officers of Defendant on separate charges for which they were both convicted in absentia. Plaintiffs alleged causes of action under 42 U.S.C. § 1983 for unlawful arrest, excessive force, civil conspiracy and first amendment retaliation as well as violation of Plaintiff Groves' right to travel under both the Privileges and Immunities Clause and Commerce Clause of the U.S. Constitution. The undersigned entered a Report and Recommendation, recommending that summary judgment be granted on Plaintiffs' claims for failure to establish municipal liability under Monell v. Department of Social Services, 436

U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the alternative, the undersigned recommended that summary judgment be granted on Plaintiffs' claims of unlawful arrest, First Amendment retaliation and violation of the right to travel as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and that summary judgment be granted on Plaintiffs' claims for excessive force and civil conspiracy for failure to create a genuine issue of material fact. The district judge adopted the Report and Recommendation, granted summary judgment and dismissed the case.

## III.   DISCUSSION

Defendant seeks attorney's fees pursuant to 42 U.S.C. § 1988, Rule 54(d)(2), Fed.R.Civ.P. and Local Civil Rule 54.02, D.S.C. Section 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of sections ... 1983 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs... ." Prevailing defendants are entitled to an award of fees under § 1988. Lotz Realty Co., Inc. v. U.S. Dep't of Housing and Urban Devel., 717 F.2d 929, 931 (4th Cir. 1983). For a prevailing defendant to recover fees, it must show "that the plaintiff's claim 'was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)); see also Hughes v. Rowe, 449 U.S. 5, 15 (1980). It is not necessary for an award of attorney's fees under § 1988 for the court to conclude that the action was brought in subjective bad faith. Cleveland v. City of Seneca, No. 09-626, 2010 WL 1692941 (D.S.C. Apr. 26, 2010) (quoting DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir.1999)).

Defendant argues that Plaintiffs' claims were "frivolous, unreasonable, or groundless" because Plaintiff Stroud admitted in his deposition that he had no evidence of any policy or custom

for which the City could be liable. Defendant further argues that attorney's fees are warranted because many of Plaintiff's claims were barred by Heck, the force used by officers during Plaintiffs' arrests was minimal and reasonable under the circumstances, and Plaintiffs failed to put forth any evidence of a conspiracy.

Although Plaintiffs' claims ultimately failed on the merits, the undersigned disagrees with Defendant that the claims were frivolous, unreasonable or groundless. Plaintiffs alleged that Groves' arrest was conducted in accordance with unconstitutional policies and procedures of Defendant and that Stroud, Groves' attorney, was arrested during the course of his representation of Stroud. The allegations, on their face, were not frivolous, unreasonable or groundless. Therefore, it is recommended that Defendant's request for attorney's fees under 42 U.S.C. § 1988 be denied.

### IV. CONCLUSION

For the reasons stated above, it is recommended that Defendant's Motion for Attorney's Fees and Related, Nontaxable Expenses (Document # 224) be denied.

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 3, 2012
Florence, South Carolina

**The parties are directed to the important notice on the following page.**