IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Nathan Andrew Groves and    )
Joel Flake Stroud,          )
                            )
            Plaintiffs,     )
                            )
vs.                         )        Civil Action No.: 4:08-cv-402-TLW-TER
                            )
City of Darlington, South Carolina,  )
                            )
            Defendant.      )
_____)

# ORDER

The defendant filed a petition for attorney's fees and costs on March 2, 2011.  (Doc. # 224).

On March 21, 2011, the plaintiffs filed a "Plaintiffs' Status Report" stating "that the Plaintiffs will

not file a Motion in Opposition to Defendant's Request for Judgment, and Award of Costs and

Attorney Fees."  (Doc. # 225).  On February 3, 2012, the Report and Recommendation ("Report")

was filed regarding this issue.  (Doc. # 239).  The Report recommended "that Defendant's request

for attorney's fees under 42 U.S.C. § 1988 be denied."  (Doc. # 239).

The defendant filed objections to the Report on February 8, 2012.  (Doc. # 242).  The

defendant's first objection states the magistrate judge "Erred as a Matter of Law by Failing to

Properly Consider that Defendant's Motion for Attorney's Fees and Expenses was Unopposed."

(Doc. # 242).  The second objection states that the magistrate judge "Erred as a Matter of Law by

Failing to Properly Conclude That the Plaintiffs' Claims Against the Defendant Were Frivolous,

Unreasonable and Groundless."  (Doc. # 242).  The third objection states the magistrate judge "Erred

as a Matter of Law by Failing to Properly Conclude That the Requested Fees and Expenses Were

1

Reasonable." (Doc. # 242). After careful consideration, the Court concludes each objection should be sustained and that the Report (Doc. # 239) should not be accepted in this case.

First, there was no opposition filed to the request for attorney's fees and expenses. As the motion (Doc. # 224) is not opposed, it is granted. Ruling otherwise on this motion would take this Court out of its role as an impartial arbitrator.

Second, the defendant asserts the plaintiffs' claims were frivolous, unreasonable, and groundless. The plaintiffs did not oppose this position by the defendant. The defendant outlines its reasons as to why the claims asserted were frivolous, unreasonable, or groundless. The Court finds this position persuasive.

Third, the defendant states the requested fees and expenses are reasonable. The basis for the request is outlined in the petition filed on March 2, 2011. The plaintiffs did not oppose this position nor assert that the fees and expenses requested were unreasonable. After review of the defendant's petition and without opposition, the Court finds the defendant's position persuasive.

For the reasons outlined, the Court chooses not to accept the Report (Doc. # 239) in this case. The defendant's request is unopposed. The claims raised by the plaintiffs based on the record before this Court were frivolous, unreasonable, or groundless. See Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421 (1978); Lotz Realty Co. v. U.S. Dep't of Hous. & Urban Dev., 717 F.2d 929, 931 (4th Cir. 1983). The Court concludes the fees and expenses requested by the defendant are reasonable. Therefore, the defendant's motion for attorney's fees and related, nontaxable expenses (Doc. # 224) is **GRANTED** in the amount of $77,873.09. This amount represents $74,354.00 in attorney and paralegal fees and $3,519.09 in related, nontaxable expenses.

**IT IS SO ORDERED**.

                                                                  __s/Terry L. Wooten__
                                                           United States District Judge

March 20, 2012
Florence, South Carolina